UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
RICARDO LLANOS,

              Plaintiff,

              -against-

THE BROOKDALE UNIVERSITY HOSPITAL AND
MEDICAL CENTER, SODEXHO MARRIOT
HEALTH CARE SERVICES, and SERVICE
EMPLOYEES INTERNATIONAL UNION LOCAL
1199 AFL-CIO,

              Defendants.
---------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

10-CV-1726 (DLI)(RML)

**DORA L. IRIZARRY, United States District Judge:**

On April 19, 2010, Plaintiff Ricardo Llanos filed this action against the Brookdale University Hospital and Medical Center ("Brookdale"), Sodexho Marriot Health Care Services ("Sodexho"), and Service Employees International Union Local 1199 AFL-CIO (the "Union"). Plaintiff alleges that, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Brookdale wrongfully terminated him in violation of the Collective Bargaining Agreement ("CBA"), and that the Union violated the CBA and breached the duty of fair representation. Plaintiff further alleges the Union and Sodexho violated his civil rights under 28 U.S.C. § 1343. Brookdale, Sodexho, and the Union move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim.

## BACKGROUND

Plaintiff alleges that Brookdale employed him as a "floating housekeeper" in its housekeeping department. (Compl. ¶ 15.) Plaintiff further alleges that Brookdale hired Sodexho as an independent contractor to perform cleaning services. (Compl. ¶¶ 16-18.) Plaintiff alleges that Brookdale delegated its duty to supervise employees to Sodexho and that Brookdale's

1

delegation of duties was not "included in the Collective Bargaining Agreement and was not ratified by the" union membership. (Compl. ¶ 18.)

Plaintiff further alleges that, on April 7, 2009, Peter Ortiz, an employee of Sodexho, witnessed Plaintiff "urinating in the 'trash area' behind Brookdale Hospital." (Compl. ¶ 22.) Ortiz reported the incident to Lloyd Bailey, another employee of Sodexho, and Bailey directed Ortiz to fire Plaintiff. (Compl. ¶¶ 22-23.) Ortiz sent Plaintiff a letter on Brookdale letterhead stating that Plaintiff was terminated. (Compl. ¶ 24.)

Plaintiff further alleges that, upon information and belief, Brookdale and the Union knew that Bailey "harbored and harbors animous and resentment towards plaintiff stemming from Bailey's bitter and acrimonious divorce, of April 7, 2003, from plaintiff's wife's sister." (Compl. ¶ 35.) Plaintiff alleges that, upon information and belief, Bailey's current wife was transferred to the housekeeping department where she performs the duties Plaintiff formerly performed. (Compl. ¶¶ 36-37.)

Plaintiff alleges that the Union advised Plaintiff that it received notice of Plaintiff's final written termination from Brookdale and that, if Plaintiff believed that he had grounds to grieve the action, he should submit a request. (Compl. ¶ 45.) Plaintiff did not describe the grievance process, nor did he submit a copy of the CBA as an exhibit to the complaint. However, it appears that, like many other collective bargaining agreements, there is a multi-step process where the employee is able to present the grievance to the union in order for the union to determine whether it believes that arbitration is appropriate.

Plaintiff alleges that he submitted a request, and a "Step One" hearing was conducted on May 27, 2009. (Compl. ¶ 47.) Plaintiff further alleges that a "Step Two" proceeding was conducted on July 1, 2009 before "Chapter Hearing and Appeals Board of Brookdale Hospital."

(Compl. ¶ 48.) The Union Contract Administrator informed Plaintiff that the Chapter Hearing and Appeals Board decided that the case should not be submitted for arbitration. (Compl. ¶ 49.) Plaintiff advised the Union that he wished to appeal the decision. (Compl. ¶ 50.) The Union informed Plaintiff that "The Division Board has determined to uphold the decision of the Union not to arbitrate." (Compl. ¶ 51.)

Plaintiff asserts that, by relinquishing its supervisory duties under the CBA, Brookdale violated the CBA. (Compl. ¶ 30.) Plaintiff also contends that, by failing to challenge Plaintiff's termination and refusing to arbitrate, the Union "violated plaintiff's rights under" the CBA and breached its duty of fair representation. (Compl. ¶¶ 31, 52.) Plaintiff further contends that Sodexho and the Union violated Plaintiff's civil rights pursuant to 28 U.S.C. § 1343.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). The court may only consider the pleading

itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995).

## DISCUSSION

1. **HYBRID SECTION 301-FAIR REPRESENTATION CLAIM**

Plaintiff's alleges what is known as a "hybrid" Section 301 claim because it alleges a cause of action against both the employer and the union. *See Chaney v. Greyhound Lines, Inc.*, 2010 WL 2541369, at *3 (S.D.N.Y. June 23, 2010). "To establish a hybrid § 301/[duty of fair representation] claim, a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001). "The plaintiff may sue the union or the employer, or both, but must allege violations on the part of both." *Id.* Brookdale and the Union argue that Plaintiff has failed to allege sufficient facts to demonstrate a breach of the CBA or a breach of the duty of fair representation.

With regard to the duty of fair representation, a union "'has a duty to represent fairly all employees subject to the collective bargaining agreement.'" *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citation omitted). To prove that a union has breached its duty of fair representation, the challenging members must establish two elements. First, they must prove that the union's actions or inactions "are either arbitrary, discriminatory, or in bad faith." *Id.* (internal quotation marks and citation omitted). Second, the challenging members

4

must "demonstrate a causal connection between the union's wrongful conduct and their injuries." *Id.* (citation omitted).

Here, Plaintiff baldly contends that the Union engaged in "arbitrary and bad faith conduct" (Compl. ¶ 14), and that, "[i]n failing and refusing to arbitrate, [the Union] violated plaintiff's rights under the Collective Bargaining Agreement and pursuant to 29 U.S.C. 185, 28 U.S.C. 1343." (Compl. ¶ 52.) However, Plaintiff has not alleged any facts to support his conclusory allegations.

Although Plaintiff describes the Union's conduct as both arbitrary and in bad faith, where, as here, "an employee claims that the union's decision not to file a grievance is a breach of the duty of fair representation, courts typically seek to determine whether the union's conduct can be characterized as arbitrary." *See Clarke v. Commc'ns Workers of America*, 318 F.Supp.2d 48, 56 (E.D.N.Y.2004) (collecting cases). Therefore, the court first examines whether Plaintiff properly has alleged that the Union acted arbitrarily.

"'[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational.'" *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 283 (2d Cir. 2005) (quoting *Airline Pilots Ass'n Int'l v. O'Neill*, 488 U.S. 65, 67 (1991)). "Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach." *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989).

With regard to a union's refusal to file a grievance, the union acts arbitrarily when it "ignores or perfunctorily presses a meritorious claim," *Samuels v. Air Transport Local 504*, 992 F.2d 12, 16 (2d Cir.1993), but not where it "fails to process a meritless grievance, engages in

5

mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance," *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1154-55 (2d Cir. 1994). Before deciding that a grievance lacks merit, however, the union must "conduct at least a minimal investigation . . . [b]ut under this standard, only an egregious disregard for union members' rights constitutes a breach of the union's duty to investigate." *Clergeau v. Local 1181, Amalgamated Transit Union, AFL-CIO*, 2008 WL 3334035, at *3 (E.D.N.Y. Aug. 10, 2008) (internal quotation marks and citation omitted). Accordingly, to prevail on his claim, "plaintiff must demonstrate that (1) his grievances had merit, (2) that [the Union] was aware of the grievances, and (3) that [the Union's] conduct in failing to process the grievances was arbitrary." *Id.* at *2; *Clarke*, 318 F. Supp. 2d at 58-59 (citing *Young v. United States Postal Serv.*, 907 F.2d 305, 308 (2d Cir. 1990)).

Plaintiff alleges that Bailey "harbored and harbors animous and resentment towards plaintiff," and that Bailey's wife was transferred to the housekeeping department shortly after Plaintiff was terminated. (Compl. ¶¶ 35-36.) However, Plaintiff does not explain why this provides a meritorious grievance. Moreover, Plaintiff alleges that his termination was based on the observations of Ortiz, who stated that Plaintiff was "urinating in the 'trash area.'" (Compl. ¶ 21.) However, nowhere in the complaint does it allege that this allegation was incorrect or that the Union knew that Ortiz's claim was false. Therefore, Plaintiff has failed to show that the Union acted arbitrarily.

Moreover, Plaintiff fails to establish that the Union acted in bad faith. Bad faith, which "encompasses fraud, dishonesty, and other intentionally misleading conduct," requires proof that the union acted with "an improper intent, purpose, or motive." *Vaughn*, 604 F.3d at 709. The

complaint does not allege that the Union was dishonest or that it engaged in intentionally misleading conduct. Therefore, Plaintiff has failed to show that the Union acted in bad faith.

Plaintiff attempts to cure the complaint's deficiencies by alleging additional facts in the memorandum in opposition to the motions to dismiss, and attaching affidavits in support of its brief. (Opp. at 6-7.) On a motion to dismiss, however, "a court considers only the allegations made in the complaint and any documents attached thereto, and thus disregards allegations made in a memorandum of law." *Khanukayev v. Times Square Alliance*, 2010 WL 2000552, at *2 n.4 (S.D.N.Y. May 20, 2010) (citations omitted). Therefore, Plaintiff has failed to provide facts sufficient to show that the Union violated the duty of fair representation. *See, e.g.*, *Henry v. United Parcel Service, Inc.*, 602 F. Supp. 2d 419, 424 (E.D.N.Y. 2009) (complaint failed to allege conduct that would establish that the union's actions were arbitrary, discriminatory or in bad faith); *Jenkins v. St. Luke's-Roosevelt Hosp. Center*, 2009 WL 3682458, at *10 (S.D.N.Y. Oct. 29, 2009) (complaint failed to set forth sufficient facts); *Chaney v. Greyhound Lines, Inc.*, 2010 WL 2541369, at *3 (S.D.N.Y. June 23, 2010) (dismissing hybrid claim where plaintiff failed to allege facts in support).

Moreover, Plaintiff's failure to properly plead a claim for breach of the duty of fair representation against the Union defeats his claim against Brookdale. *See, e.g.*, *Henry*, 602 F. Supp. 2d at 424 ("Because [plaintiff] fails to allege conduct that would establish that the Union's actions were arbitrary, discriminatory or in bad faith or that the Union seriously undermined the arbitral process, his complaint fails to assert a breach of the Union's DFR."). In any event, the claim for breach of the CBA fails because the complaint fails to allege what provisions Brookdale violated. The complaint merely states that Brookdale delegated supervision to Sodexho, and transferred another employee to the housekeeping department after terminating

7

Plaintiff. Therefore, the claim for breach of the CBA fails. *See, e.g.*, *Abdelmesih v. Waldorf-Astoria*, 1998 WL 740940, at *4 (S.D.N.Y. Oct. 21, 1998) (noting that "the employee must identify a specific provision of the agreement violated by the employer's action or inaction").

In sum, Plaintiff has failed to properly allege a violation of the duty of fair representation or a violation of the CBA. Therefore, these claims are dismissed.

**2.      CLAIM FOR VIOLATION OF 28 U.S.C. § 1343**

The Union and Sodexho also argue that Plaintiff's claim for a violation of 28 U.S.C. § 1343 should be dismissed because Section 1343 does not provide a cause of action. "The defendants are correct that 28 U.S.C. § 1343 grants original jurisdiction over actions based on various civil rights provisions to district courts" and "does not itself create a cause of action." *Carvel v. Franchise Stores Realty Corp.*, 2009 WL 4333652, at *8 (S.D.N.Y. Dec. 1, 2009); *Allen v. Roth*, 2009 WL 3076105, at *2 n.2 (S.D.N.Y. Sept. 25, 2009). Moreover, even if the court were to construe the complaint as alleging a violation of 42 U.S.C. § 1985, "[t]o prevail on a § 1985(3) claim, a plaintiff must prove that the defendants: (1) engaged in a conspiracy; (2) for the purpose of depriving him or her of equal protection, or equal privileges and immunities under the law; (3) acted in furtherance of the conspiracy; (4) deprived the plaintiff of the exercise of any right or privilege of a citizen of the United States; and (5) were motivated by discriminatory animus." *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1358 (2d Cir.1989). The complaint fails to allege any facts to support a violation of Section 1985. Therefore, Plaintiff has failed to state a claim for violation of his civil rights.

### 3. LEAVE TO AMEND

In Plaintiff's affidavit submitted in conjunction with his brief, he requests leave to amend the complaint. The court grants Plaintiff thirty days leave to amend the complaint consistent with this Order.

### CONCLUSION

For the reasons set forth above, the motions to dismiss are granted without prejudice. As Plaintiff's request for leave to amend the complaint has been granted, the closure of this case is stayed pending the filing of the amended complaint. Any amended complaint must be filed within thirty (30) days from the date of this Order, to wit, April 1, 2011. If Plaintiff does not file an amended complaint within this time, the claims dismissed without prejudice herein will be deemed to be dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
March 2, 2011

/s/
DORA L. IRIZARRY
United States District Judge