UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RICARDO LLANOS,                                                    :
                                                                   :
                Plaintiff,                                  :
                                                                   :  **MEMORANDUM AND ORDER**
         -against-                                              :
                                                                   :  10-CV-1726 (DLI)(RML)
                                                                   :
THE BROOKDALE UNIVERSITY HOSPITAL AND                              :
MEDICAL CENTER, SODEXHO MARRIOT                                    :
HEALTH CARE SERVICES, and SERVICE                                  :
EMPLOYEES INTERNATIONAL UNION LOCAL                                :
1199 AFL-CIO,                                                      :
                                                                   :
                Defendants.                                 :
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Ricardo Llanos filed this action against the Brookdale University Hospital and Medical Center ("Brookdale"), Sodexho Marriot Health Care Services ("Sodexho"), and Service Employees International Union Local 1199 AFL-CIO (the "Local 1199"). Plaintiff alleged that, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Brookdale wrongfully terminated him in violation of the Collective Bargaining Agreement ("CBA"), and that the Union breached the duty of fair representation in its representation of plaintiff during grievance proceedings. Plaintiff further alleged an unspecified civil rights violation. Brookdale, Sodexho, and Local 1199 moved to dismiss this action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court dismissed the complaint with leave to replead in a March 2, 2011 Memorandum and Order. (*See* 3/2/11 Memo. & Or., Doc. Entry No. 29.) Plaintiff filed an amended complaint (*See* Am. Compl., Doc. Entry No. 30), which is the subject of the current round of motions to dismiss, filed by defendants Brookdale, Sodexho, and Local 1199. For the reasons set forth below, defendants' motions to dismiss are granted.

## BACKGROUND[1]

Plaintiff worked as a "floating housekeeper" in the housekeeping department at Brookdale. (Am. Compl. ¶ 3.) Plaintiff alleges that Brookdale hired Sodexho as an independent contractor to perform and oversee cleaning services. (Am. Compl. ¶¶ 2, 25.) Plaintiff alleges that Brookdale delegated its duty to supervise Brookdale housekeeping employees to Sodexho, and that plaintiff reported to Peter Ortiz, a Sodexho employee. (Am. Compl. ¶¶ 2, 17, 26.)

On April 7, 2009, Ortiz observed plaintiff urinating on a hospital wall near the trash area. (Am. Compl. ¶¶ 34-37.) Plaintiff denied this allegation (Am. Compl. ¶ 38), but Ortiz suspended plaintiff (Am. Compl. ¶ 39). Plaintiff alleges that Ortiz notified Lloyd Bailey, another Sodexho employee, of the incident, and that Bailey directed Ortiz to terminate plaintiff. (Am. Compl. ¶ 41.) Ortiz terminated plaintiff on April 27, 2009, in a letter drafted on Brookdale letterhead. (Am. Compl. ¶ 42.) The "cc" line of the letter directs a copy to be sent to Brenda Lee, the Director of Human Resources for Brookdale. (Am. Compl. ¶ 43.) According to plaintiff, Lee did not respond to his requests to discuss his termination and Brookdale rejected his requests to rescind the termination. (Am. Compl. ¶¶ 44-47.) Plaintiff contends that Brookdale knew that Ortiz was not a Brookdale employee, and that by permitting him to terminate plaintiff, and rejecting plaintiff's requests for reinstatement, Brookdale breached Article XXIX(1) of the Collective Bargaining Agreement ("CBA") between Brookdale and plaintiff's union, Local 1199 (*See* CBA, Ex. A, Am. Compl.). (Am. Compl. ¶¶ 47-57.)

Plaintiff appealed his termination through the grievance process established between Brookdale and Local 1199. With respect to the grievance proceedings, plaintiff describes

---

[1] The facts of this case are familiar to the parties and are set forth in detail in this Court's March 2, 2011 Memorandum and Order. The Court will further elaborate on the facts of this case, in particular, the revised allegations in the amended complaint, to the extent necessary to resolve defendants' motions to dismiss.

interactions he had with an individual named "Ofiri" but the relationship between plaintiff and Ofiri is unclear. Plaintiff alleges that he attended the grievance with a union representative and that Ofiri was present. (Am. Compl. ¶ 67.) Plaintiff alleges that the hearing panel did not permit plaintiff or his representative to speak and that the panel ruled unanimously against him. (*Id.*) Plaintiff alleges similar treatment at his "Citywide" appeal. (Am. Compl. ¶ 71.) According to plaintiff, Ofiri advised plaintiff that his claim lacked merit and that Ofiri, in some unspecified manner, prevented plaintiff from challenging his termination on the basis of Brookdale's breach of the CBA. (Am. Compl. ¶¶ 72-73.) Plaintiff also asserts that Ofiri pressured plaintiff to apologize for urinating, which plaintiff refused. (Am. Compl. ¶¶ 77-78.) Plaintiff asserts that Local 1199's refusal to challenge plaintiff's termination on the basis of Brookdale's breach of the CBA constitutes a breach of Local 1199's duty of fair representation to plaintiff. (Am. Compl. ¶¶ 79-85.)

In the amended complaint, plaintiff indicates that he is a "Latino male, age 49." (Am. Compl. ¶ 24.) Plaintiff asserts an unspecified "civil rights" claim against the defendants.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

3

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). The court may only consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

## DISCUSSION

**1. Claims Premised on Brookdale's Alleged Breach of the CBA**

The amended complaint fails to establish that Brookdale breached the CBA. Under Article XXIX of the CBA, "The Employer shall have the right to discharge, suspend or discipline any Employee for cause." (Am. Compl., Ex. A at 2.) The excerpted portions of the CBA attached to the amended complaint contain no limitations as to Brookdale's ability to delegate any portion of its authority under Article XXIX to third parties. Plaintiff concedes, in his memorandum of law, that the CBA does not contain any such limitation; rather, plaintiff argues that Brookdale should be prohibited, as a matter of law, from delegating any of its authority. Plaintiff fails to provide any legal support for this argument. Nor could the Court locate any.

Moreover, plaintiff concedes that his notification of termination was drafted on Brookdale's letter head and that it directed a copy to be sent to Lee, Brookdale's Director of

4

Human Resources. Plaintiff concedes that he fought his termination through a grievance procedure against Brookdale and that had his grievance proceeded to arbitration, he would have arbitrated against Brookdale. To the extent that it can be argued that Brookdale was not involved with his termination because Ortiz, a Sodexho employee came to the initial conclusion that termination was justified, it cannot be argued that Brookdale somehow delegated its authority or responsibility with respect to the decision to terminate plaintiff. On the facts of the amended complaint, Brookdale participated in the termination at every stage, except discovery of plaintiff's violation and the initial action to set plaintiff's termination in motion. Again, plaintiff failed to provide any legal authority for the proposition that a termination under these circumstances constitutes a breach of the CBA. Nor has the Court located any. Accordingly, plaintiff's claim against Brookdale for breach of the CBA is dismissed.

Plaintiff also alleges a "hybrid" claim under Section 301 against both Brookdale and Sodexho. "To establish a hybrid § 301 claim, a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001). "The plaintiff may sue the union or the employer, or both, but must allege violations on the part of both." *Id.* As set forth above, the amended complaint fails to establish that Brookdale breached the CBA by delegating initial termination actions to Sodexho. Accordingly, plaintiff's hybrid claim is dismissed against Brookdale and Local 1199.

**2.    Plaintiff's Civil Rights Claim**

As discussed in the March 2, 2011 Memorandum and Order, plaintiff failed to establish claims under 28 U.S.C. § 1343, a statute that simply grants courts original jurisdiction over civil rights actions, and 42 U.S.C. § 1985, a statute conferring a cause of action for conspiracy to

deprive an individual of civil rights. The amended complaint fails to remedy the infirmities discussed in this Court's original dismissal order. In particular, there are no assertions whatsoever that the actions of any employees of Sodexho or Brookdale, or members of Local 1199 were motivated by discriminatory animus. Plaintiff's statement that he is a "Latino male, age 49" is insufficient to establish motivations on the part of any of the employees of the defendants discussed in the amended complaint.

In his opposition to defendants' motions, plaintiff quotes Title VII, hinting at a claim of wrongful discharge on the basis of race or national origin. To establish a claim under Title VII, a plaintiff must establish that "(1) he was a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *Collins v. N.Y. City Trans. Auth.*, 305 F.3d 113, 118 (2d Cir. 2002). As discussed above, there is nothing in the amended complaint that can be construed as allegations of discriminatory animus on the part of the employees of Sodexho and Brookdale or the members of Local 1199. Accordingly, plaintiff's civil rights claim against the defendants is dismissed.

## CONCLUSION

For the reasons set forth above, the motions to dismiss are GRANTED. The amended complaint is dismissed with prejudice without leave to replead.

SO ORDERED.

Dated: Brooklyn, New York
      March 11, 2012

/s/
DORA L. IRIZARRY
United States District Judge